## CIRCUIT COURT OF LOUDOUN COUNTY

Thomas C. Geddes

v.

London Equipment Co., Inc., et al.

February 16, 1990

Case No. (Law) 10825

By JUDGE JAMES H. CHAMBLIN

On February 2, 1990, the Court heard argument on the Motion to Dismiss filed herein by the corporate defendants, London Equipment Company, Inc. ("London Equipment"), Betty Brite International, Inc. ("Betty Brite"), and Bala Finance Company, Inc. ("Bala"), the Demurrer of Ronald London ("London"), and the oral motion of counsel for the defendants to remove an affidavit of the plaintiff from the Court's file. Each motion is addressed below.

### Motion to Dismiss

As counsel for the plaintiff did not so argue on February 2, 1990, the Court will not consider the issue of whether the corporate defendants are before the Court by general appearance as a result of their filing herein of a Motion for Extension of Time to File Pleadings (filed November 20, 1989) which was granted by order entered December 1, 1989.

There are six grounds asserted in the Motion to Dismiss. The first two grounds concern an alleged misjoinder of defendants and causes of action. The final four grounds

concern personal jurisdiction over the corporate defendants by this Court.

Paragraph 3 of the amended motion for judgment alleges that the plaintiff entered into "an agreement with the Defendants to purchase a 'turnkey' dry cleaning store . . . ." Section 8.01-5(A) provides that a suit shall not abate or be defeated by a misjoinder, but if a misjoinder is made to appear at any time during the course of the suit, then the Court may drop a party or parties "as the ends of justice may require." The corporate defendants have not shown enough at this time for the Court to dismiss or drop a party because of an alleged misjoinder. The motion to dismiss will not be granted for misjoinder solely on the basis of the pleadings filed. Therefore, the Motion to Dismiss is denied at this time as to the first two grounds.

The plaintiff asserts personal jurisdiction over the corporate defendants under the Virginia Long Arm Statute (§ 8.01-328.1). I am of the opinion that when a plaintiff alleges that a Virginia trial court has personal jurisdiction over a nonresident or foreign corporate defendant under the Long Arm Statute, then he only needs to make a *prima facie* showing from the pleadings and the evidence taken in discovery of the alleged acts giving rise to such personal jurisdiction. *See North Fork Shenandoah, Inc. v. Bunning*, 7 Va. Cir. 327 (Circuit Court of Warren County, 1986) (opinion of now Justice Henry H. Whiting). Paragraph 3 of the amended motion for judgment alleges that the plaintiff entered into an agreement in Virginia for the purchase of a "turn key" dry cleaning store in Loudoun County, Virginia. This pleading at least alleges facts that give rise to personal jurisdiction. However, in all fairness to the defendants, the aforesaid is just an allegation, and the defendants should have an opportunity to produce evidence on the jurisdiction issue before the Court rules thereon. Therefore, the Motion to Dismiss based on the last four grounds is denied at this time.

Under § 8.01-5(A), a motion to dismiss a party or parties based on misjoinder may be made at any time; and, therefore, these defendants may make such motion at any future time if they be so advised.

If these defendants still desire to contest this Court's jurisdiction, then the parties will be allowed

a reasonable period of time to undertake discovery on the issue after which the defendants may renew their motion to dismiss on the basis of the discovery and an evidentiary hearing, if requested by any party.

## Demurrer

The Demurrer of London is sustained as to the first ground because there are no facts alleged in the amended motion for judgment which support liability of London individually for the alleged acts of the corporate defendants.

The second ground of the Demurrer concerns an alleged misjoinder of causes of action. For the reasons stated above as to the Motion to Dismiss, the Demurrer is overruled on this ground at this time without prejudice to London to make a motion under § 8.01-5(A) at a later time if he be so advised.

The Demurrer is sustained on the third ground because the amended motion for judgment does not allege all the elements of the tort of conversion. It is not the province of the Court to tell the plaintiff how to remedy the deficiency, but counsel should refer to any case or treatise on the tort of conversion keeping in mind that, as pleaded in the amended motion for judgment, London and the corporate defendants initially took the deposit in a lawful manner. See 19 M.J., *Trover and Conversion*, Sections 1 *et seq.*

As to the fourth ground of the Demurrer concerning personal jurisdiction of this Court over London, who is not a resident of Virginia, it is overruled at this time for the same reasons as set forth above as to the Motion to Dismiss. If London still desires to contest this Court's jurisdiction, then it will be handled in the same manner as outlined above for the corporate defendant's Motion to Dismiss.

## Plaintiff's Affidavit

On February 1, 1990, the plaintiff filed with the Court an affidavit in support of his opposition to the Motion to Dismiss. It was sworn to by the plaintiff on January 31, 1990. The defendants at oral argument on February 2, 1990, moved that the affidavit be removed

from the file because it is self-serving, contains hearsay, and would prejudice any judge who may hereafter preside in this case and read the file.

Because I felt that such an affidavit in support of an opposition to a motion to dismiss as the one filed herein is not appropriate unless not objected to by the other party, I did not read the affidavit before the argument on February 2, 1990, and I have not read it. Such an affidavit is self-serving and denies the other party the opportunity to cross-examine the affiant. I will not order the removal of the affidavit from the Court file, but I have placed the affidavit in a sealed envelope placed in the Court file. The envelope will not be opened except by further order of this Court, and such is noted on the outside of the envelope. I have destroyed the copy of the affidavit sent to me by Mr. Horvath by his letter of January 31, 1990. I am not concerned about another judge seeing the affidavit because he or she will certainly know what weight to give it and how it is to be treated.

In summary, the corporate defendants' Motion to Dismiss is denied at this time, London's Demurrer is sustained in part and overruled in part, and the plaintiff's affidavit will be sealed until further order of the Court. The plaintiff is granted leave to replead within twenty-one days after entry of the order, but he can replead only as to London. If the plaintiff does so replead, then London will be granted twenty-one days to file his responsive pleadings without prejudice to his right to continue to contest jurisdiction as provided above. If the plaintiff does not so replead within the twenty-one day period, then this suit will be dismissed as to London.